# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES WILLIAMS,<br>                Petitioner,<br>   v.<br>COUNTY OF CLARK, et al.,<br>                Respondents. | Case No. 2:17-cv-02952-APG-PAL<br><br>**ORDER** |

Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by James Williams (ECF No. 1). He has paid the filing fee (*see* ECF No. 1-1).

It appears from Williams' filing that he is no longer in custody pursuant to the judgment of conviction he wishes to challenge. The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). The U.S. Supreme Court, in *Maleng v. Cook*, 490 U.S. 488 (1989), noted that the Court "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." 490 U.S. at 490-91 (emphasis added) (citation omitted). A person who is on parole or probation at the time he files his federal habeas petition satisfies the custody requirement. *Jones v. Cunningham*, 371 U.S. 236, 240-243 (1963).

1

Here, Williams asserts, among other claims, that insufficient evidence supported his conviction for conducting business on a public right-of-way in Las Vegas Justice Court Case No. 16M26671X. The court takes judicial notice of the Las Vegas Justice Court public inmate information, and it appears that Williams has discharged his sentence and has been released from custody.

In an abundance of caution, the court grants Williams thirty (30) days from the date of this order to show cause and file such proof to demonstrate that he was in custody pursuant to the judgment of conviction he wishes to challenge at the time he filed this petition. If Williams cannot demonstrate that he meets the custody requirement, this court shall enter an order dismissing the petition with prejudice.

**IT IS THEREFORE ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that the petition should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that he satisfies the custody requirement, the court will enter an order dismissing the petition.

DATED: 5 April 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE